**MAKAREM & ASSOCIATES APLC**
Ronald W. Makarem, Esq. (SB#180442)
Cameron A. Stewart, Esq. (SB#140300)
Marina E. Serrano, Esq. (SB#333461)
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California 90025-1760
Phone: (310) 312-0299; Fax: (310) 312-0296

Attorneys for Plaintiff SARAH VILLAVERDE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH VILLAVERDE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LOUIS DEJOY, in his official capacity as U.S Postmaster General; UNITED STATES POSTAL SERVICE (Western Area), Agency; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e, *et. seq*.)**<br>**2. Harassment in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e, *et. seq*.)**<br>**3. Retaliation in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e, *et. seq*.)**<br>**4. Disability Discrimination in Violation of the Rehabilitation Act of 1973 (29 U.S.C. Sec.706; 791 *et. seq*.)**<br>**5. Failure to Accommodate in Violation of the Rehabilitation Act of 1973 (29 U.S.C. Sec.706; 791 *et. seq*.)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SARAH VILLAVERDE ("Plaintiff") complains and alleges against Defendants LOUIS DEJOY, in his official capacity as U.S. Postmaster General, and U.S. POSTAL SERVICE, and DOES 1-20, inclusive (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States), 28 U.S.C. § 1346 (civil action against the United States), 39 U.S.C. § 401 (authorizing suits against the Postal Service), and 39 U.S.C. § 409 (suits by and against the Postal Service). An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a), and this Court may grant relief pursuant to 28 U.S.C. §§ 2201–02 and its equitable powers.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1)(C) and 39 U.S.C. § 409 because this is the judicial district in which Plaintiff resides, and this action seeks relief against agencies and/or officers of the United States.

## PARTIES

3. Plaintiff SARAH VILLAVERDE was, at all times relevant to this action, a resident of Los Banos, California. Plaintiff VILLAVERDE was employed by Defendants as a non-exempt employee working as a mail carrier and a sales distribution clerk in California from approximately January 9, 2021 to approximately July 1, 2021.

4. Defendant UNITED STATES POSTAL SERVICE is "an independent establishment of the executive branch" of the U.S. government, 39 U.S.C. § 201, and bears responsibility, in whole or in part, for the acts complained of in this Complaint.

5. Defendant LOUIS DeJOY is the 75th United States Postmaster General and bears responsibility, in whole or in part, for the acts complained of in this Complaint.

6. Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 20, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capabilities are ascertained.

## GENERAL ALLEGATIONS

8. Plaintiff was hired by the United States Postal Service on or about January 9, 2021 for a position at the Los Banos, California location as a Mail Carrier. On April 24, 2021, after successfully completing a 90-day probationary period, Plaintiff transitioned to a Sales Distribution Clerk and begin a new 90-day probationary period.

9. On or around May 9, 2021, Plaintiff learned that she was pregnant and notified her supervisor, Cecilia Padilla ("Ms. Padilla"), of her pregnancy on May 10, 2021.

10. On or around June 2, 2021, Plaintiff woke up feeling sick with symptoms of pain and cramping in her stomach, nausea, and vomiting. The symptoms were so severe that she thought she was experiencing serious complications related to her pregnancy which required immediate medical attention. Plaintiff notified her supervisor, Ms. Padilla, of her symptoms and informed Ms. Padilla that she would need to see her physician that very day. Despite knowing that Plaintiff was pregnant and experiencing pregnancy complications, Ms. Padilla indicated that Plaintiff's absence from work would be included as part of a write-up and include an investigative interview. Plaintiff later provided Ms. Padilla with a doctor's note excusing her from work that day.

11. On or around June 3, 2021, Plaintiff continued to experience symptoms related to her pregnancy including, but not limited to, pain and cramping in her

1  stomach, nausea, fever, and tiredness, Plaintiff saw a another physician that day who placed her on bed rest until June 7, 2021 when she could see her obstetrician ("OBGYN"). Plaintiff again provided a doctor's note to Ms. Padilla excusing her from work until June 8, 2021.

12. On or around June 7, 2021, Plaintiff saw her OBGYN who placed her on bed rest until June 28, 2021. Plaintiff again provided Ms. Padilla with a doctor's note.

13. On or around June 30, 2021, Plaintiff went back to see her OBGYN because she still was not feeling well due to symptoms related to her pregnancy. The doctor placed her on bed rest until July 30, 2021 and also excused her from work from June 28 to June 30. Immediately following her appointment, Plaintiff emailed a picture of the doctor's note to Ms. Padilla. Ms. Padilla then informed Plaintiff that she was terminated for failure to show up for work on June 29 and June 30 even though Plaintiff was not was scheduled to work on either of those days.

14. On or about July 1, 2021, Defendants unceremoniously and officially sent Plaintiff a letter terminating her employment. In the letter, Defendants informed Plaintiff that she was being administratively separated from the Postal Service for "failure to maintain regular attendance". Defendants' stated reason for termination is merely pretext as Defendants were fully aware that Plaintiff had been placed on leave by her doctors due to complications related to her pregnancy. Not only did Plaintiff keep her supervisor, Ms. Padilla, regularly informed of her pregnancy related illness, but she also provided Ms. Padilla with several doctor's note for each of her absences. Plaintiff was never absent from work without first notifying Ms. Padilla and providing a doctor's note. Nonetheless, Defendants unjustly terminated Plaintiff only two months after she informed Ms. Padilla that she was pregnant, and one month after she began experiencing severe, disabling symptoms, and only two days after Plaintiff's physician placed her on bed rest until July 30, 2021.

15. Defendants violated Plaintiff's rights by engaging in unlawful and illegal acts of misconduct including, but not limited to, discrimination, harassment and retaliation based on Plaintiff's sex and physical disability and failed to accommodate.

16. Plaintiff has protected status under Title VII of the Civil Rights Act of 1964 ("Title VII") based on, among other things, her sex, which includes, but is not limited to her pregnancy and/or related medical conditions. The Title VII Act prohibits discrimination against an employee based on her sex. Defendants, and each of them, unlawfully harassed, discriminated and, retaliated against Plaintiff based on sex and pregnancy status.

17. Plaintiff also has protected status under the Rehabilitation Act of 1973 ("Rehabilitation Act") based on, among other things, her physical disability. The Rehabilitation Act prohibits discrimination against an employee based on a disability. During her employment with Defendants, Plaintiff became pregnant and experienced complications related to her pregnancy requiring medical attention, bed rest and several leaves of absence. Discrimination based on pregnancy, childbirth, or related medical conditions is a form of sex discrimination prohibited by Title VII of the Civil Rights Act of 1964.  Congress enacted the Pregnancy Discrimination Act ("PDA") in 1978 to make clear that "[p]regnant women who are able to work must be permitted to work on the same conditions as other employees; and when they are not able to work for medical reasons, they must be accorded the same rights, leave privileges and other benefits, as other workers who are disabled from working. Employees with disabilities are entitled to a reasonable accommodation.  Plaintiff was on medical leave when Defendants unlawfully terminated her. Had Defendants not terminated Plaintiff, Plaintiff would have been able to perform the essential functions of her job.  Defendants, and each of them, unlawfully discriminated and, retaliated against Plaintiff based on her disability.

17. **Plaintiff's Non-Economic Damages**: Without any reasonable basis and in violation of state and federal law, Defendants illegally harassed, discriminated against, retaliated against, failed to accommodate and/or to engage in the interactive process, failed to prevent and/or investigate the discrimination and harassment and, unlawfully terminated Plaintiff. As a consequence of Defendants' conduct, Plaintiff has suffered and will continue to suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

18. **Attorney's Fees:** Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

## FIRST CAUSE OF ACTION

**Discrimination in Violation of Title VII of the Civil Rights Act of 1964**

**(42 U.S.C. Sec. 2000e, *et. seq*.)**

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18.

20. At all times herein mentioned, Plaintiff was a member of a protected class as defined in Title VII of the Civil Rights Act of 1964.

21. By virtue of the harassing and outrageous conduct described at paragraphs 1 through 18 above, Plaintiff was subject to discrimination motivated by illegal animus based on Plaintiff's sex.

22. Defendants discriminated against Plaintiff by terminating her two months after Defendants found out she was pregnant, one month after she began experiencing severe, disabling symptoms related to her pregnancy, and two days after Plaintiff's physician has placed her on bed rest until July 30, 2021. Defendants harassed Plaintiff after learning of her pregnancy, threatened her with fallacious investigations, and ultimately unjustly terminated her.

23. It is unlawful for employers to harass and/or discriminate or take unlawful adverse employment actions action against an employee simply because

she is pregnant and/or disabled. Expectant mothers, such as Plaintiff, are entitled to work without fear of demotion, termination, or ridicule because they are pregnant.

24. As a direct and proximate result of Defendants' willful, knowing, and intentional pregnancy discrimination, Plaintiff has sustained and continues to sustain loss of earnings and other employment benefits.

29. As a direct and proximate result of Defendants' willful, knowing, and intentional harassment and discrimination, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

30. Plaintiff is further entitled to an award of statutory attorney's fees pursuant to 42 U.S.C Sec.2000(e) *et. seq*.

## SECOND CAUSE OF ACTION

**Harassment in Violation of Title VII of the Civil Rights Act of 1964**

**(42 U.S.C. Sec. 2000e, *et. seq*.)**

31. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30.

32. At all times herein mentioned, Plaintiff was a member of a protected class as defined in Title VII of the Civil Rights Act of 1964.

33. By virtue of the harassing and outrageous conduct described at paragraphs 1 through 30 above, Plaintiff was subject to discriminatory harassment motivated by illegal animus based on Plaintiff's sex.

34. By virtue of the conduct set forth in paragraphs 1 through 30, said harassment was sufficiently severe and pervasive to affect the terms or conditions of Plaintiff's employment.

33. Almost immediately after learning that Plaintiff was pregnant, Defendants began a campaign of harassment including, among other things, not scheduling Plaintiff to work, marking her as absent from work even though she had

requested time off and/or was on medical leave due to complications related to her pregnancy, accusing her of not showing up for work even though she had not been scheduled to work, threatening her with sham investigations, refusing to accommodate her, not responding to her telephone calls and/or emails regarding her work schedule, falsely accusing her of not providing doctor's notes for approved absences, and terminating her approximately three months after informing Defendants that she was pregnant. The aforementioned harassment and shenanigans commenced immediately after Plaintiff informed Defendants of her pregnancy and were directly related to her protected status as a pregnant woman. Defendants' conduct created, among other things, a hostile work environment causing Plaintiff to experience anxiety, depression and emotional distress which compounded her pregnancy related illness.

34. As a direct and proximate result of Defendants' willful, knowing, and intentional pregnancy discrimination, Plaintiff has sustained and continues to sustain loss of earnings and other employment benefits.

35. As a direct and proximate result of Defendants' willful, knowing, and intentional harassment and discrimination, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

36. Plaintiff is further entitled to an award of statutory attorney's fees pursuant to 42 U.S.C Sec.2000(e) *et. seq*.

## THIRD CAUSE OF ACTION

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. Sec. 2000e, *et. seq.*)

37. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36.

38. At all times herein mentioned, Plaintiff was a member of a protected class as defined in Title VII of the Civil Rights Act of 1964.

39. By virtue of the conduct described at paragraphs 1 through 36 above, Plaintiff was subject to discriminatory harassment motivated by illegal animus based on Plaintiff's sex, pregnancy and disabled status.

40. By virtue of the conduct set forth in paragraphs 1 through 36, Plaintiff was subjected to unlawful retaliatory conduct which commenced two months after Defendants found out Plaintiff was pregnant, one month after she began experiencing severe, disabling symptoms related to her pregnancy, and two days after Plaintiff's physician placed her on bed rest until July 30, 2021.  In addition, After learning of Plaintiff's pregnancy, Defendants retaliated against her by not scheduling her to work, marking her as absent from work even though she had requested time off and/or was on medical leave due to complications related to her pregnancy, accusing her of not showing up for work even though she had not been scheduled to work, threatening her with sham investigations, refusing to accommodate her, not responding to her telephone calls and/or emails regarding her work schedule, falsely accusing her of not providing doctor's notes for approved absences, and terminating her approximately three months after informing Defendants that she was pregnant.

41. As a direct and proximate result of said retaliation, Plaintiff has sustained and continues to sustain loss of earnings and other employment benefits.

42. As a further direct and proximate result of said retaliation, Plaintiff has sustained general damages for severe mental and emotional distress.

43. Plaintiff is further entitled to an award of statutory attorney's fees pursuant to 42 U.S.C Sec.2000(e) *et. seq*.

## FOURTH CAUSE OF ACTION

### Discrimination in Violation of the Rehabilitation Act of 1973

**(29 U.S.C. Sec.706; 791 *et. seq*.)**

45. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44.

46. At all times herein mentioned, Plaintiff was a disabled individual as defined in EEOC regulation, 29 C.F.R. Sec 1614.203(a). As a result of Plaintiff's disability, Plaintiff required a reasonable accommodation.

47. By virtue of the allegations set forth in paragraphs 1 through 44, despite the Defendants having been placed on notice of Plaintiff's disability and her necessity for a reasonable accommodation, Defendant refused to provide said accommodation.

48. Instead of engaging in the interactive process with the intention of trying to accommodate Plaintiff's protected status as a disabled pregnant woman, Defendants harassed and discriminated against her by not scheduling her to work, marking her as absent from work even though she had requested time off and/or was on medical leave due to complications related to her pregnancy, accusing her of not showing up for work even though she had not been scheduled to work, threatening her with sham investigations, refusing to accommodate her, not responding to her telephone calls and/or emails regarding her work schedule, falsely accusing her of not providing doctor's notes for approved absences, and unlawfully terminating her on or about July 30, 2021, a mere three months after she informed Defendants that she was pregnant.

48. As a direct and proximate result of said retaliation, Plaintiff has sustained and continues to sustain loss of earnings and other employment benefits.

49. As a further direct and proximate result of said retaliation, Plaintiff has sustained general damages for severe mental and emotional distress.

50. Plaintiff is further entitled to an award of statutory attorney's fees pursuant to 29 U.S.C Sec. 794(a).

# FIFTH CAUSE OF ACTION
### Failure to Accommodate in Violation of the Rehabilitation Act of 1973
### (29 U.S.C. Sec.706; 791 *et. seq.*)

51. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50.

52. At all times herein mentioned, Plaintiff was a disabled individual as defined in EEOC regulation, 29 C.F.R. Sec 1614.203(a). As a result of Plaintiff's disability, Plaintiff required a reasonable accommodation.

53. By virtue of the allegations set forth in paragraphs 1 through 50, despite the Defendants having been placed on notice of Plaintiff's disability and her necessity for a reasonable accommodation, Defendants refused to provide said accommodation.

54. Instead, shortly after Plaintiff informed Defendants she was pregnant, Defendants began a campaign of harassment which included but is not limited to, not scheduling her to work, marking her as absent from work even though she had requested time off and/or was on medical leave due to complications related to her pregnancy, accusing her of not showing up for work even though she had not been scheduled to work, threatening her with sham investigations, not responding to her telephone calls and/or emails regarding her work schedule, falsely accusing her of not providing doctor's notes for approved absences and the, unlawfully terminated her.

55. Plaintiff was able to perform the essential job duties with reasonable accommodation for her disability and medical condition. At all times during her employment, Plaintiff was otherwise qualified to do her job. Despite Plaintiff's request for reasonable accommodation, Defendant violated the Rehabilitation Act when Defendants failed to provide reasonable accommodation and instead, terminated Plaintiff. Because of Plaintiff's disability status, Defendant sought to retaliate against Plaintiff by terminating her employment.

56. As a direct and proximate result of said retaliation, Plaintiff has sustained and continues to sustain loss of earnings and other employment benefits.

57. As a further direct and proximate result of said retaliation, Plaintiff has sustained general damages for severe mental and emotional distress.

58. Plaintiff is further entitled to an award of statutory attorney's fees pursuant to 29 U.S.C Sec. 794(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

**a)** **On the First Cause of Action**
  i) Compensatory damages according to proof at trial;
  ii) General, incidental, and consequential damages according to proof at trial;
  iii) Statutory attorney's fees incurred by reason of bringing this suit;
  iv) Costs of suit incurred herein.

**b)** **On the Second Cause of Action**
  i) Compensatory damages according to proof at trial;
  ii) General, incidental, and consequential damages according to proof at trial;
  iii) Reasonable attorney's fees incurred by reason of bringing this suit;
  iv) Costs of suit incurred herein.

**c)** **On the Third Cause of Action**
  i) Compensatory damages according to proof at trial;
  ii) General, incidental, and consequential damages according to proof at trial;
  iii) Statutory attorney's fees incurred by reason of bringing this suit;
  iv) Costs of suit incurred herein.

    **d)**    **On the Fourth Cause of Action**

        i)    Compensatory damages according to proof at trial;

        ii)    General, incidental, and consequential damages according to proof at trial;

        iii)    Statutory attorney's fees incurred by reason of bringing this suit;

        iv)    Costs of suit incurred herein.

    **e)**    **On the Fifth Cause of Action**

        i)    Compensatory damages according to proof at trial;

        ii)    General, incidental, and consequential damages according to proof at trial;

        iii)    Statutory attorney's fees incurred by reason of bringing this suit;

        iv)    Costs of suit incurred herein.

Dated: July 18, 2022                      **MAKAREM & ASSOCIATES, APLC**

                                        By: *Cameron Stewart*
                                            Ronald W. Makarem
                                            Cameron A Stewart
                                            Marina E. Serrano
                                            Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all causes of action so triable.

Dated: July 18, 2022               MAKAREM & ASSOCIATES, APLC

                              By: *Cameron Stewart*
                                  Ronald W. Makarem
                                  Cameron A. Stewart
                                  Marina Serrano
                                  Attorneys for Plaintiff